UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| WOCKHARDT LIMITED and WOCKHARDT USA, LLC, | ) ) ) |
| Defendants. | ) ) CAUSE NO. 1:08-cv-1547-WTL-TAB |
| WOCKHARDT LIMITED and WOCKHARDT USA, LLC, | ) ) ) |
| Counterclaim Plaintiffs, | ) ) |
| v. | ) ) |
| ELI LILLY AND COMPANY | ) ) |
| Counterclaim Defendant. | ) ) |

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS
WOCKHARDT LIMITED AND WOCKHARDT USA, LLC**

Defendants Wockhardt Limited and Wockhardt USA, LLC (collectively "Wockhardt") hereby answer the Complaint for Patent Infringement of Plaintiff Eli Lilly and Company ("Lilly") as follows:

**JURISDICTION AND PARTIES**

1.      Wockhardt admits that Lilly is an Indiana corporation that has its corporate offices and principal place of business at Lilly Corporate Center, Indianapolis, Indiana 46285. Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of

Lilly's Complaint for Patent Infringement ("the Complaint"), and therefore denies the same.

2. Wockhardt USA, LLC admits that it is a wholly-owned subsidiary of Morton Grove Pharmaceuticals, Inc., which in turn is a wholly-owned subsidiary of Wockhardt Holding Corporation, which in turn is a wholly-owned subsidiary of Wockhardt EU Operations (Swiss) AG, which in turn is a wholly-owned subsidiary of Wockhardt Limited, and that it has a principal place of business at 20 Waterview Boulevard, Parsippany, New Jersey, 07054.  Wockhardt USA, LLC further admits that it is a limited liability company organized and existing under the laws of Delaware.  Wockhardt admits the last sentence of Paragraph 2 of the Complaint.  Wockhardt denies all remaining allegations of Paragraph 2 of the Complaint.

3. Wockhardt Limited admits that it is an Indian corporation having a principal place of business at Wockhardt Towers, Bandra-Kurla Complex, Bandra (East), Mumbai, Maharashta 400 051, India.  Wockhardt Limited admits that, among other activities, it manufactures generic drugs for sale and use throughout the United States, including the Southern District of Indiana, through Wockhardt USA, LLC, a wholly-owned subsidiary of Morton Grove Pharmaceuticals, Inc., which in turn is a wholly-owned subsidiary of Wockhardt Holding Corporation, which in turn is a wholly-owned subsidiary of Wockhardt EU Operations (Swiss) AG, which in turn is a wholly-owned subsidiary of Wockhardt Limited.  Wockhardt denies all remaining allegations of Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint states a legal conclusion as to which no response is required.  Nevertheless, Wockhardt consents to personal jurisdiction solely for purposes of this action.  Wockhardt denies the remaining allegations of Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states legal conclusions to which no responses are required.  Nevertheless, Wockhardt admits that the Complaint purports

to state a cause of action for patent infringement that arises under the patent laws of the United States. Wockhardt further admits that this Court has subject matter jurisdiction for an action arising under the patent laws of the United States, and that venue is proper in this District for this action only. Wockhardt denies the remaining allegations of Paragraph 5 of the Complaint.

### COUNT I FOR PATENT INFRINGEMENT

6. Wockhardt admits that U.S. Patent No. 5,023,269 ("the '269 patent") is entitled "3-Aryloxy-3-Substituted Propanamines," bears an issue date from the United States Patent and Trademark Office ("PTO") of June 11, 1991, and lists Eli Lilly and Company as the assignee, but denies that the '269 patent was duly and legally issued by the PTO. Wockhardt admits that Lilly contends that the '269 patent claims, *inter alia,* the chemical compound duloxetine, but states that no response is required to legal conclusions regarding the scope of the claims of the '269 patent set forth in the Complaint. Wockhardt further admits that what purport to be true and correct copies of the '269 patent and its term extension are attached to the Complaint as Exhibits A and B. Wockhardt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint and therefore denies the same.

7. Wockhardt admits that the '269 patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluation ("the Orange Book") for NDA No. 21-427. Wockhardt admits that the Orange Book indicates that NDA 21-427 was approved on August 3, 2004, and lists the Applicant as "LILLY." Wockhardt admits that Cymbalta®'s December 2, 2007, package insert indicates that Cymbalta® is indicated for major depressive disorder, diabetic peripheral neuropathic pain, and generalized anxiety disorder. Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint, and therefore denies the same.

8.     Wockhardt admits that Lilly causes to be manufactured and sold various dosage strengths of duloxetine in the United States under the brand name Cymbalta®. Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 of the Complaint, and therefore denies the same.

9.     Wockhardt admits that Wockhardt Limited submitted to the United States Food and Drug Administration ANDA No. 90-773 under 21 U.S.C. §355(j) to obtain approval for the commercial manufacture, use, and sale of "Duloxetine HCL Delayed Release Oral Capsules, 20mg, 30mg, 60mg" described therein ("Wockhardt's Duloxetine HCl Capsules") in the United States before the expiration of the '269 patent. Wockhardt denies the remaining allegations of Paragraph 9.

10.    Admitted.

11.    Wockhardt admits that by letter of October 27, 2008, Wockhardt Limited notified Lilly of the filing of ANDA No. 90-773 and provided information pursuant to 21 U.S.C. § 355 (j)(2)(B)(ii). According to the Complaint, Lilly received that letter on or about October 27, 2008. Wockhardt admits that the letter alleges non-infringement of claims 3-7, 13-19, and 40-47 of the '269 patent. Wockhardt admits that the letter also alleges that claims 1-2, 8-12, 20-39, and 48-51 of the '269 patent are invalid over prior art. Wockhardt denies the remaining allegations of Paragraph 11 of the Complaint.

12.    Denied.

13.    Wockhardt admits that Wockhardt Limited filed ANDA No. 90-773, seeking authorization to commercially manufacture, use, offer for sale, and sell Wockhardt's Duloxetine HCl Capsules in the United States. Wockhardt denies the remaining allegations of Paragraph 13 of the Complaint.

14. Wockhardt admits that it was aware of the existence of the '269 patent at the time of the submission of ANDA No. 90-773. Wockhardt denies the remaining allegations of paragraph 14 of the Complaint.

15. Denied.

### COUNT II FOR DECLARATORY JUDGMENT

16. Wockhardt repeats and realleges its responses to the allegations in Paragraphs 1-15 of the Complaint as though fully set forth herein.

17. Paragraph 17 of the Complaint states legal conclusions as to which responses are not required. Nevertheless, Wockhardt admits that the Complaint purports to state a cause of action for declaratory judgment arising under the patent laws of the United States. Wockhardt further admits that this Court has subject matter jurisdiction for an action arising under the patent laws of the United States. Wockhardt denies the remaining allegations of Paragraph 17 of the Complaint.

18. Wockhardt admits that Wockhardt Limited filed ANDA No. 90-773 with the FDA seeking authorization to commercially manufacture, market, use, offer for sale, and sell in the United States Wockhardt's Duloxetine HCl capsules.

19. Paragraph 19 of the Complaint states legal conclusions as to which responses are not required.

20. Denied.

21. Wockhardt admits that it intends to market, sell and offer for sale in the United States Wockhardt's Duloxetine HCl Capsules after obtaining FDA approval for said capsules. Wockhardt denies the remaining allegations of Paragraph 21.

22. Denied.

23. Denied.

24. Denied.

25. By reason of Wockhardt Limited having filed ANDA No. 90-773, and Lilly having filed suit against Wockhardt, Wockhardt admits that an actual controversy

exists between Lilly and Wockhardt with respect to the non-infringement, invalidity, and unenforceability of the '269 patent. Wockhardt denies the remaining allegations of Paragraph 25.

## LILLY'S PRAYER FOR RELIEF

Wockhardt denies that Lilly is entitled to any aspect of the judgment it seeks, or any other relief.

## DEFENSES

Wockhardt asserts the following defenses, reserving the right to supplement or amend these defenses as discovery proceeds.

## FIRST DEFENSE
### (Non-infringement of the '269 Patent)

26. Wockhardt does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid claim of the '269 patent, either literally or under the doctrine of equivalents.

27. Wockhardt has not manufactured, used, sold, or offered for sale in the United States, or imported into the United States, any products that infringe any valid claim of the '269 patent, either literally or under the doctrine of equivalents and Wockhardt does not and has not induced infringement of or contributed to the infringement of any valid claim of the '269 patent.

28. Wockhardt's Duloxetine HCl Capsules would not infringe any valid claim of the '269 patent, either literally or under the doctrine of equivalents, if manufactured, used, sold, or offered for sale in the United States, or imported into the United States and Wockhardt would not induce infringement or contribute to infringement of any valid claim of the '269 patent if it were to manufacture, use, sell, or offer for sale in the United States or import into the United States, its Duloxetine HCl Capsules.

## SECOND DEFENSE

### (Invalidity of the '269 Patent)

29. Each and every claim of the '269 patent is invalid for failure to meet the statutory requirements of Title 35 of the United States Code, including, but not limited to, the failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD DEFENSE

### (Invalidity and Unenforceability of the '269 Patent)

30. Each and every claim of the '269 patent is invalid for failing to meet judicially-created requirements for patentability and enforceability of patents.

## FOURTH DEFENSE

### (Estoppel/Disclaimer of Claim Scope)

31. Lilly is estopped from asserting any scope for one or more of the claims of the '269 patent which would cover Wockhardt's Duloxetine HCl Capsules because of amendments, representations, assertions, disclaimers and/or admissions made during the course of proceedings in the PTO during prosecution of the application leading to the issuance of the '269 patent ("the '269 patent application"), including but not limited to, prosecution disclaimer.

## FIFTH DEFENSE

### (Estoppel)

32. To the extent not encompassed by Wockhardt's Fourth Defense, Lilly is estopped from construing the claims of the '269 patent to cover and include Wockhardt's Duloxetine HCl Capsules.

## WOCKHARDT'S COUNTERCLAIMS

Defendants and Counterclaim Plaintiffs Wockhardt Limited and Wockhardt USA, LLC (collectively "Wockhardt"), hereby allege the following counterclaims.

## PARTIES, JURISDICTION AND VENUE

33. Wockhardt Limited is a corporation organized and existing under the laws of India, having a principal place of business at Wockhardt Tower, Bandra-Kurla Complex, Bandra (East), Mumbai, Maharashtra 400 051, India. Wockhardt USA, LLC, is a wholly-owned subsidiary of Morton Grove Pharmaceuticals, Inc., which in turn is a wholly-owned subsidiary of Wockhardt Holding Corporation, which in turn is a wholly-owned subsidiary of Wockhardt EU Operations (Swiss) AG, which in turn is a wholly-owned subsidiary of Wockhardt Limited. Wockhardt USA, LLC is a limited liability company organized and existing under the laws of Delaware and has a principal place of business at 20 Waterview Boulevard, Parsippany, New Jersey, 07054.

34. On information and belief, Lilly is an Indiana corporation that has its corporate offices and principal place of business at Lilly Corporate Center, Indianapolis, Indiana 46285.

35. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201 and 2202, and 35 U.S.C. § 1, *et seq*.

36. On information and belief, Lilly is the assignee of the '269 patent.

37. Lilly is subject to personal jurisdiction in this judicial district based on, *inter alia*, Lilly's corporate presence in the Southern District of Indiana.

38. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400 and based on Lilly's having asserted the '269 patent against Wockhardt in this district.

## THE CONTROVERSY

39. This is an action based on an actual controversy between Wockhardt and Lilly concerning the invalidity and/or non-infringement of the '269 patent, and Wockhardt's right to continue to seek approval of Wockhardt's Duloxetine HCl

Capsules products, and upon approval by the FDA, to manufacture, use, sell and offer to sell and import into the United States, said products.

40. The '269 patent is entitled "3-Aryloxy-3-Substituted Propanamines," bears an issue date from the PTO of June 11, 1991, lists Lilly as the assignee, and lists as inventors David W. Robertson, David T. Wong, and Joseph H. Krushinski, Jr.

41. Lilly has represented that one or more claims of the '269 patent cover Cymbalta®. Lilly has represented that it currently sells Cymbalta® in various dosage strengths of duloxetine.

42. By letter of October 27, 2008, Wockhardt Limited informed Lilly of the submission to the FDA of ANDA No. 90-773 directed to Wockhardt's Duloxetine HCl Capsules, and stated that the manufacture, use, offer for sale or sale of its proposed products would not infringe any valid claim of Lilly's '269 patent.

43. Wockhardt Limited has submitted, and is continuing to seek FDA approval of, ANDA No. 90-773 directed to products containing duloxetine, and approval to engage in the commercial manufacture, use, offer for sale, sale, and importation into the United States, Wockhardt's Duloxetine HCl Capsules described in that ANDA, which Lilly alleges infringe the '269 patent.

44. Wockhardt has undertaken substantial efforts in developing and seeking approval for the Duloxetine HCl Capsules set forth in its ANDA.

45. In view of the foregoing, an actual justiciable controversy exists between Lilly and Wockhardt regarding the non-infringement, invalidity and unenforceability of the '269 patent.

## COUNTERCLAIM I

### (Non-infringement of '269 Patent)

46. Wockhardt repeats and realleges Paragraphs 33-45 above as if fully set forth herein.

47. Wockhardt does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid claim of the '269 patent, either literally or under the doctrine of equivalents.

48. Wockhardt has not manufactured, used, sold, or offered for sale in the United States, or imported into the United States, any products that infringe any valid claim of the '269 patent, either literally or under the doctrine of equivalents and Wockhardt does not and has not induced infringement of or contributed to the infringement of any valid claim of the '269 patent.

49. Wockhardt's Duloxetine HCl Capsules would not infringe any valid claim of the '269 patent, either literally or under the doctrine of equivalents, if manufactured, used, sold, or offered for sale in the United States, or imported into the United States and Wockhardt would not induce infringement or contribute to infringement of any valid claim of the '269 patent if it were to manufacture, use, sell, or offer for sale in the United States or import into the United States, its Duloxetine HCl Capsules.

**COUNTERCLAIM II**

**(Invalidity of '269 Patent)**

50. Wockhardt repeats and realleges Paragraphs 33-45 above as if fully set forth herein.

51. Each and every claim of the '269 patent is invalid for failure to meet the statutory requirements of Title 35 of the United States Code, including, but not limited to, the failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

52. Each and every claim of the '269 patent is invalid for failing to meet judicially-created requirements for patentability and enforceability of patents.

**DEMAND FOR JUDGMENT**

WHEREFORE, Wockhardt prays for the following relief:

(1) That any and all relief requested by Lilly, as set forth in the Prayer of Relief of the Complaint, be denied and that the Complaint be dismissed with prejudice;

(2) That a judgment be entered declaring that Wockhardt has not and does not infringe any claim of U.S. Patent No. 5,023,269.

(3) That a judgment be entered declaring all claims of U.S. Patent No. 5,023,269 invalid;

(4) That Wockhardt has a lawful right to seek and obtain FDA approval of its ANDA for its duloxetine HCl capsules, and that based on the non-infringement and/or invalidity of U.S. Patent Nos. 5,023,269, Wockhardt has a right to import, manufacture, use, offer for sale and sell Wockhardt's Duloxetine HCl capsules once ANDA No. 90-773 is approved by FDA;

(5) That Lilly, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, be enjoined from threatening or initiating further infringement litigation against Wockhardt or any of its customers, dealers or suppliers, or any prospective sellers, dealers, distributors or customers of Wockhardt, or charging any of them either orally or in writing with infringement of U.S. Patent No. 5,023,269;

(6) That a judgment be entered declaring this case to be exceptional within the meaning of 35 U.S.C. § 285 and that Wockhardt is entitled to recover its reasonable attorneys' fees upon prevailing in this action;

(7) That Wockhardt be awarded costs, attorneys' fees and other relief, both legal and equitable, to which they may be justly entitled; and

(8) That Wockhardt be awarded such other relief as this Court deems just and proper.

/s/ James W. Riley, Jr.
James W. Riley, Jr.
Atty. No. 6073-49
RILEY BENNETT & EGLOFF, LLP
Fourth Floor
141 East Washington Street
Indianapolis, IN  46204
(317) 636-8000
(317) 636-8027
jriley@rbelaw.com

Attorneys for Defendants/
Counterclaim Plaintiffs

OF COUNSEL:

Mark Boland
Michael R. Dzwonczyk
Chid S. Iyer
Geoffrey C. Mason
Renita S. Rathinam
SUGHRUE MION, PLLC
2100 Pennsylvania Ave., N.W.
Washington, D.C. 20037
(202) 293-7060

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically on this 16th day of January, 2009.  Notice of this filing will be sent to the following by operation of the Court's electronic filing system or U.S. Mail:

Jan M. Carroll
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204-3535

/s/ James W. Riley, Jr.
James W. Riley, Jr.

JWR/lar/5962-65/JWRCL/6008.668