**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| ELI LILLY AND COMPANY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|      vs. | ) CAUSE NO. 1:08-cv-1547-WTL-TAB |
| | ) |
| WOCKHARDT LIMITED, et al., | ) |
| | ) |
|    Defendants. | ) |

**ENTRY REGARDING PENDING MOTIONS**

This cause is before the Court on several related motions. The motions are all fully briefed, and the Court, being duly advised, resolves them as set forth below.

This case is a consolidation of several cases that Plaintiff Eli Lilly and Company ("Lilly") filed against drug manufacturers that have filed abbreviated new drug applications ("ANDAs") announcing their intention to sell a bioequivalent form of Lilly's drug Cymbalta. At issue in the instant motions are Lilly's complaints against two sets of Defendants–Aurobindo Pharma Limited and Aurobindo Pharma USA, Inc., (collectively "Aurobindo") and Lupin Limited and Lupin Pharmaceuticals, Inc., (collectively "Lupin").

All of the pending motions stem from the fact that in its complaints against Aurobindo and Lupin Lilly alleges that the Defendants' ANDA filings constitute willful infringement and therefore Lilly is entitled to attorney fees pursuant to 35 U.S.C. § 285, which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party" in a patent case. Aurobindo and Lupin each filed a motion for judgment on the pleadings directed toward the willful infringement claim in which they sought dismissal of the claim and, in addition, asked the court to strike Lilly's exceptional case assertion. In the alternative, the Defendants asked the

court to bifurcate the willful infringement and exceptional case claims from the liability trial and to stay discovery relevant to them.

In response to the Defendants' motions, Lilly agreed to withdraw its willful infringement claims and moved for leave to amend its complaints to do so.  However, because Lilly's proposed amended complaints do not eliminate their assertion that it is entitled to an exceptional case finding, the Defendants object to the motion to amend, arguing that Lilly is asserting an improper willful infringement claim disguised as an exceptional case allegation.

The Defendants' motions–and their objections to Lilly's motions to amend–are based on the fact that the Federal Circuit has held unequivocally that "the mere fact that a company has filed an ANDA application or certification cannot support a finding of willful infringement for purposes of awarding attorney's fees pursuant to 35 U.S.C. § 271(e)(4)." *Glaxo Group Ltd. v. Apotex, Inc.*, 376 F.3d 1339, 1350-51 (Fed. Cir. 2004).  However, the filing of a *baseless* ANDA application and accompanying certification can support an exceptional case finding.

> The joint operation of §§ 271(e) and 285 require the paragraph (2) infringer to display care and regard for the strict standards of the Hatch-Waxman Act when challenging patent validity. As already noted, the Hatch-Waxman Act authorizes challenges to the validity of patents in accordance with strict statutory requirements. Specifically, a paragraph IV filing requires "a certification, in the opinion of the applicant *and to the best of his knowledge*, [that] each patent ... for which the applicant is seeking approval ... is invalid."  21 U.S.C. § 355(j)(2)(A)(vii)(IV) (emphasis added). The Hatch-Waxman Act thus imposes a duty of care on an ANDA certifier. Thus, a case initiated by a paragraph (2) filing, like any other form of infringement litigation, may become exceptional if the ANDA filer makes baseless certifications.

*Yamanouchi Pharmaceutical Co., Ltd. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1347 (Fed. Cir. 2000) (cited with approval in *Takeda Chemical Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1387-88 (Fed. Cir. 2008)).

The issue, then, is whether Lilly should be permitted to proceed on amended complaints

that contain exceptional case allegations or whether those allegations would be subject to being stricken if the amendments were permitted.  While the parties refer to Lilly's exceptional case allegation as a "claim," the Court believes it is more appropriate to view it as an expression of Lilly's intention to file a § 285 motion following trial in the event it is the prevailing party.  Viewed in that light, it is clear that Lilly's motions to amend its complaints must be granted, as there would be no basis to strike a simple statement of intent to do something that the law permits.  The granting of the motions to amend renders moot the Defendants' motions for judgment on the pleadings and motion to strike, inasmuch as they are directed at the original complaint.

That said, the Court recognizes that the real dispute between the parties involves discovery.  Specifically, Lilly has stated its intention to seek discovery on the issue of whether the Defendants' ANDAs and certifications are baseless; the real issue is whether (and at what point) Lilly will be permitted to conduct that discovery.  The Court is reluctant to address that issue in a vacuum.  It is unclear to the Court what type of discovery Lilly would wish to conduct that would not also be relevant to the patent validity issue, and the point at which any such discovery should take place would depend, at least in part, on the burdensomeness of the requested discovery.  It seems clear to the Court that litigation of the liability issue should not be delayed in any way by discovery that relates solely to the exceptional case issue; therefore, any such discovery should be postponed at least until dispositive motions have been filed, if not until after trial.  The same is true of requiring the Defendants to assert the advice of counsel defense; if it turns out that advice of counsel is not relevant to any actual claims in this case, then it seems to the Court that the Defendants should not be required to decide whether they want to rely on advice of counsel in response to Lilly's § 285 motion until such time as the motion is made:

after trial.  This is, of course, in the nature of an advisory ruling at this point, but the Court hopes that it will provide the parties with enough guidance to avoid expensive and time-consuming discovery motions down the road.

### *Conclusion*

For the reasons discussed above, Lilly's motions to amend (dkt. nos. 80 and 85) are **GRANTED** and Lilly's amended complaints (attached as Exhibit 1 to each motion) are **deemed filed** as of this date.  The Defendants' motions for judgment on the pleading (dkt. nos. 32 and 42) and motion to strike (dkt. no. 44) are **DENIED AS MOOT**.

SO ORDERED:   09/18/2009

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification