UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-1547-TWP-TAB |
| | ) | |
| WOCKHARDT LIMITED, et al., | ) | |
| Defendants. | ) | |

**ORDER ON WOCKHARDT LIMITED'S MOTION FOR LEAVE TO AMEND AND
ELI LILLY AND COMPANY'S MOTION TO COMPEL**

**I.      Introduction**

As Yogi Berra might say, "It's déjà vu all over again."  Defendant Wockhardt Limited

wants leave to file a third amended answer and counterclaims [Docket No. 262], and Plaintiff Eli

Lilly wants the Court to compel discovery.  [Docket No. 288.]  Because Wockhardt's proposed

amendments are timely and not prejudicial or futile, and because Wockhardt did not fully

respond to Lilly's interrogatories, the Court grants both motions.

**II.      Background**

In June, the Court granted Wockhardt leave to amend its first amended answer and

counterclaims to add patent expiration, patent misuse, and inequitable conduct.  [Docket No.

252.]  On July 20, Lilly served Wockhardt with a fifth set of interrogatories to gather information

about Wockhardt's new defenses and counterclaims.  [Docket No. 289, Ex. 1.]  Wockhardt's

answers did not satisfy Lilly, so Lilly wrote Wockhardt to explain the perceived deficiencies and

request supplementation.  [*Id.*, Exs. 3–4.]  Wockhardt disagreed with Lilly's complaints, but

promised at least some supplementation.  [Docket No. 289, Ex. 6.]  Lilly remained dissatisfied

and moved to compel answers.  [Docket No. 288.]

Meanwhile, on August 5, Wockhardt sought leave to file a third amended answer and counterclaims. [Docket No. 262.] Although the deadline for such amendments was April 30, 2010, the Court subsequently extended the deadline to August 31. [Docket No. 268.] Lilly opposes Wockhardt's amendments.

## III. Discussion

### A. *Motion for leave to file third amended answer and counterclaims*

Wockhardt moves for leave to file a third amended answer and counterclaims to present additional defenses and counterclaims that the '269 patent is unenforceable due to inequitable conduct and that the term extension granted for that patent is unenforceable. [Docket No. 262.] The standard for reviewing such a motion is familiar, having been employed only six months ago in the Court's decision granting Wockhardt's motion for leave to file its second amended answer and counterclaims. *Eli Lilly & Co. v. Wockhardt, Ltd.*, No. 1:08-cv-1547-WTL-TAB, 2010 WL 2605855, at *2 (S.D. Ind. June 22, 2010). Federal Rule of Civil Procedure 15(a)(2) provides that when a party can no longer amend as a matter of course, it may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The rule reflects a liberal view toward amendments, but "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Id.* (quoting *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008)). Lilly asks the Court to deny Wockhardt's motion on all three grounds.

### 1. Undue delay

Lilly argues that Wockhardt unduly delayed in seeking leave to file a third amended complaint because Wockhardt waited until the last month before the close of fact discovery to add allegations it could have brought years ago.  [Docket No. 269 at 5.]  Wockhardt responds that it moved for leave before the CMP deadline to amend the pleadings and that the federal rules lean in favor of amendment.  [Docket No. 296 at 5.]

Wockhardt's motion for leave was timely.  Although the motion followed the April 30, 2010, deadline for amending the pleadings [Docket No. 153 at 2], the Court subsequently extended that deadline to August 31, 2010.  [Docket No. 268 at 1.]  Despite Lilly's persuasive showing that Wockhardt might have brought its allegations sooner, the Court declines to find undue delay when Wockhardt's motion for leave fell within the CMP deadline.

### 2. Undue prejudice

Lilly next argues it would be severely prejudiced by Wockhardt's new allegations because the fact discovery deadline has passed and Lilly would be unable to obtain evidence supporting the new allegations.  [Docket No. 269 at 5.]  Wockhardt responds that Lilly needs no additional discovery because it already possesses all facts underlying Wockhardt's claims and defenses, and relevant witnesses are deceased.  [Docket Nos. 263 at 17; 296 at 15.]  Wockhardt also points out that Lilly has not identified with any specificity who it would depose or what admissions it would request.  [Docket No. 296 at 15–16.]  Instead, Lilly repeatedly asserts that it "would need additional discovery."  [Docket No. 269 at 16–19.]

Given the nature of Wockhardt's allegations, it appears that the relevant evidence, other than testimony from beyond the grave, consists of Lilly's own documents and the testimony of

its employees.  Without a more specific showing of what Lilly needs, the Court cannot conclude that Wockhardt's amendments would unduly prejudice Lilly.

### 3.      Futility

Finally, Lilly argues that Wockhardt's allegations are futile.  Futility at the amendment of pleadings stage is a high hurdle.  *Schaefer-LaRose v. Eli Lilly & Co.*, No. 1:07-cv-1133-SEB-TAB, 2008 WL 746399, at *1 (S.D. Ind. Feb. 25, 2008).   Proposed allegations are futile if they would fail to state a claim upon which relief could be granted.  *Wallace v. Free Software Found., Inc.*, No. 1:05-cv-0618-JDT-TAB, 2006 WL 2038644, at *4 (S.D. Ind. Mar. 20, 2006).

Mustering case law, statutes, regulations, and legislative history, Lilly devotes eight pages—and Wockhardt nearly five—to whether Wockhardt's allegations are futile.  [Docket Nos. 269 at 19–28; 296 at 10–15.]  Neither party's arguments are clear winners.  Although Lilly's opposition to Wockhardt's allegations "may ultimately prove well taken, that decision is for another day; a potential weakness in a defense does not equate with futility."  *Schaefer-LaRose*, 2008 WL 746399, at *1 (granting Lilly's motion for leave to amend, rejecting arguments that Lilly's proposed defense was unsupported and Lilly waived its right to assert the defense by not raising it sooner).

In sum, Wockhardt's motion came within the CMP deadline, Lilly's undue prejudice argument lacks specificity, and the parties' arguments on the merits both appear well supported.  The Court therefore grants Wockhardt's motion for leave to file its third amended answer and counterclaims.  [Docket No. 262.]

*B.*     *Motion to compel answers to interrogatories*

Lilly moved to compel answers to its fifth set of interrogatories, specifically numbers 14

through 23.[1]  [Docket No. 288.]  Lilly claims that Wockhardt's answers sent it on a wild goose

chase through Wockhardt's pleadings, previous discovery responses, and preliminary

noninfringement contentions only to provide no meaningful information.[2]  Wockhardt responded

that it "simply has no additional factual information with which to supplement its responses . . .

at this time.  The additional information Lilly seeks is subject to expert analyses under Rule 26

and/or amounts to what would be final contentions which are not due until October 4, 2010 and

November 3, 2010."  [Docket No. 303 at 2–3.]  These dates have now passed, and Lilly

maintains that Wockhardt has "failed to deliver on its promise" and requests the Court to

sanction Wockhardt by precluding it from raising patent misuse and the invalidity and

unenforceability of the patent term extension.  [Docket No. 311 at 1.]

As a preliminary matter, the Court addresses Lilly's request for preclusion.  As illustrated

in more detail below, although Wockhardt did not thoroughly answer Lilly's interrogatories, its

answers were responsive in some respects—the cross-referenced items often cited cases,

regulations, and specific documents.  Preclusion would therefore be too strong a response to

---

[1]Lilly's motion to compel included interrogatory nos. 15–23, and Lilly's reply brief—to which Wockhardt did not respond—introduced a problem with interrogatory no. 14.

[2]Lilly makes much of Wockhardt's elaborate cross-referencing and argues that such cross-referencing is improper "where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers."  [Docket Nos. 289 at 7–8 (quoting *Magarl, L.L.C. v. Crane Co.*, No. 1:03-cv-01255-JDT-TW, 2004 WL 2750252, at *4 (S.D. Ind. Sept. 29, 2004); 304 at 2–3.]  The Court recognizes the potential inconvenience created by Wockhardt's layers of cross-referencing.  However, the Court managed to evaluate the sufficiency of Wockhardt's answers and declines to find them improper on this basis.

Wockhardt's shortcomings. Instead, where indicated, Wockhardt shall supplement its answers within fourteen days. If Lilly remains unsatisfied with Wockhardt's answers, it shall convey its concerns to Wockhardt and, if necessary, contact the Magistrate Judge to schedule a hearing.

### 1. Interrogatory No. 14

Lilly did not include this interrogatory in its motion to compel because Wockhardt had assured Lilly that it "would be getting the information" and Wockhardt "*would* update our interrogatory response after discussion the subject with [a 30(b)(6) witness]." [Docket No. 304, Ex. 13.] After the 30(b)(6) deposition passed and Wockhardt ignored two of Lilly's follow-up emails [Docket No. 304, Ex. 14], Lilly included interrogatory no. 14 in its reply brief. [Docket No. 304 at 10 n.2.] Given Wockhardt's failure to respond to Lilly's addition of interrogatory no. 14 and Wockhardt's previous assurances of forthcoming supplementation, Wockhardt must supplement its answer to this interrogatory.

### 2. Interrogatory Nos. 15 and 19

Lilly argues that Wockhardt's answers to interrogatory nos. 15 and 19 merely cited a variety of pleadings and other items that provide no factual support. Wockhardt's answer to interrogatory no. 15 is a fitting example. Interrogatory no. 15 seeks the basis for Wockhardt's unenforceability counterclaim. After setting out its objections, Wockhardt answered:

> [E]ach of the asserted claims of the '269 patent is unenforceable for patent misuse based on the facts and discussion set forth in Wockhardt's Third Amended Answer and Counterclaims, and the Sixth and Eighth Defenses in particular. See also Wockhardt's First Supplemental Response to Lilly's Second Set of Interrogatories, Response to Interrogatory Nos. 7–10, and Wockhardt's Second Supplemental Disclosure of Preliminary Non-infringement Contentions, page 5.

[Docket No. 290 at 10–11.] These items in turn incorporated Wockhardt's first and second supplemental preliminary invalidity contentions and portions of Wockhardt's second amended

answer and counterclaims.  [*Id.*]  Lilly claims that these cross-referenced items provide only "bare allegations" and "conclusory assertions."  [Docket No. 289 at 9.]

A journey through Wockhardt's cross-reference jungle reveals that Wockhardt provided some support.  For example, the sixth defense of Wockhardt's second amended answer and counterclaims cites federal regulations, forms, use codes, Wockhardt's ANDA, and the USPTO patent extension.  [Docket No. 253 at ¶¶ 42–71.]  Likewise, the seventh defense of Wockhardt's second amended answer and counterclaims refers to several specific items.  But some allegations remain unsupported.  [*E.g.*, Docket No. 253 at ¶ 113 ("On information and belief, Lilly's attorneys and/or agents including Mr. Conrad intentionally withheld the Burger Medicinal Chemistry reference passages cited by the European Examiner from the USPTO with the intent to deceive the examiner in the U.S. '940 patent application.").]  To the extent additional support exists, Wockhardt must provide it.

The Court's analysis concerning interrogatory no. 15 applies equally to interrogatory no. 19 because Wockhardt's answer to that interrogatory incorporated its answer to no. 15.

### 3.     Interrogatory Nos. 16–18

Wockhardt's answers to interrogatory nos. 16–18 direct Lilly to the seventh defense of Wockhardt's third amended answer.  The seventh defense refers to some specific documents, but it also refers—without evidentiary support—to the USPTO and European examiners' decisions, Lilly attorney Robert Conrad's arguments, and Lilly attorney K.G. Tapping's actions.  [Docket No. 263, Ex. 1 at ¶¶ 89–191.]  Moreover, the seventh defense makes some strong allegations about Conrad's knowledge (¶ 124) and about Conrad intentionally withholding items from the USPTO with the intent to deceive (¶¶ 137–38).  To the extent Wockhardt has evidentiary support

for these and other accusations, it must provide it to Lilly.

### 4.      Interrogatory No. 20

Interrogatory no. 20 asks for the all the certifications and statements that Wockhardt lawfully could have made concerning certain claims.  [Docket No. 290 at 15.]  Lilly argues that Wockhardt's answer merely referred back to its unsupported pleading.  But Wockhardt appears to have temporarily exhausted its cross-referencing capability in its previous answers because this answer is self-contained.  [*Id.*]  Nevertheless, it is insufficient.  Wockhardt objected to this interrogatory because of its hypothetical nature, asking for what Wockhardt "could have" done. As Lilly points out, however, Wockhardt's earlier briefing discussed what Wockhardt could have done but for Lilly's patent misuse.  [Docket No. 228 at 16.]  Wockhardt therefore must supplement its answer.

### 5.      Interrogatory No. 21

Interrogatory no. 21 seeks the basis for Wockhardt's contention that Lilly was not diligent during the Cymbalta regulatory review period between July 4, 1991, and February 5, 1992.  [Docket No. 290 at 16.]   Wockhardt directed Lilly to the third and eighth defenses of its third amended answer and counterclaims.  [*Id.*]  This answer is insufficient because those defenses supply no evidence.  For example, the third defense alleges that Lilly attorney Arvie Anderson had no prior experience preparing or filing patent term extension applications, that he independently decided to apply for an extension, and that he was improperly supervised. [Docket No. 263-1 at ¶¶ 36–38.]  But the defense provides no factual basis for these allegations. Wockhardt's eighth defense similarly comes up empty.  Wockhardt therefore must supplement its answer to this interrogatory.

### 6.     Interrogatory Nos. 22–23

Wockhardt's answers to interrogatory nos. 22 and 23 cite the third and eighth defenses of its third amended answer and counterclaims and pages three and four of its second supplemental disclosure of preliminary noninfringement contentions.  [Docket No. 290 at 17–18.]  As described above, the third and eighth defenses do not cite evidence.  Pages three and four of Wockhardt's preliminary noninfringement contentions do offer some insight—that the alleged omitted information includes "a description of the drug product and a description of the activities undertaken by Lilly to show its diligence during the period of regulatory review."  [Docket No. 290, Ex. 8 at 4.]  But they also offer unsupported assertions—"Lilly's failure . . . was due to Lilly's gross negligence in preparing the deficient patent term extension application."  [*Id.*]  The documents referenced by Wockhardt fail to sufficiently answer Lilly's interrogatories, so Wockhardt must supplement its answers.

**IV.    Conclusion**

Wockhardt's motion for leave to file a third amended answer and counterclaims [Docket No. 262] is granted, and its proposed third amended answer and counterclaims [Docket No. 263-1] shall be deemed timely filed as of the date of this order.

The Court also grants Lilly's motion to compel to the extent that Wockhardt shall supplement its discovery responses as indicated within fourteen days.  [Docket No. 288.]  If Lilly still believes that Wockhardt's answers are inadequate, it shall advise Wockhardt of its concerns and, if necessary, shall contact the Magistrate Judge to schedule a hearing.

Dated:   12/30/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Meredith Martin Addy
BRINKS HOFER GILSON & LIONE
maddy@usebrinks.com

Matthew J. Becker
AXINN VELTROP & HARKRIDER LLP
mjb@avhlaw.com

Richard N. Bell
richbell@comcast.net

Mark Boland
SUGHRUE MION, PLLC
mboland@sughrue.com

Kenneth J. Burchfiel
SUGHRUE MION, PLLC
kburchfiel@sughrue.com

Paul R. Cantrell
ELI LILLY AND COMPANY
prc@lilly.com

Jan M. Carroll
BARNES & THORNBURG LLP
jan.carroll@btlaw.com

Roger J. Chin
Wilson Sonsini Goodrich & Rosati
rchin@wsgr.com

Joseph E. Cwik
HUSCH BLACKWELL SANDERS
WELSH & KATZ
joseph.cwik@huschblackwell.com

Jay R. Deshmukh
KNOBBE, MARTENS, OLSON & BEAR,
LLP
2jrd@kmob.com

James Dimos

FROST BROWN TODD LLC
jdimos@fbtlaw.com

Michael R. Dzwonczyk
SUGHRUE MION, PLLC
mdzwonczyk@sughrue.com

E. Anthony Figg
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
efigg@rfem.com

Thomas J. Filarski
BRINKS HOFER GILSON & LIONE
tfilarski@usebrinks.com

David S. Forman
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER, LLP
david.forman@finnegan.com

Justin Hasford
FINNEGAN, HENDERSON, FARABOW
GARRETT & DUNNER, L.L.P.
justin.hasford@finnegan.com

Kandi Kilkelly Hidde
BINGHAM MCHALE LLP
khidde@binghammchale.com

Sanders N. Hillis
BRINKS HOFER GILSON & LIONE
shillis@usebrinks.com

Eric R. Hunt
RAKOCZY MOLINO MAZZOCHI SIWIK
LLP
ehunt@rmmslegal.com

Joseph A. Hynds
ROTHWELL, FIGG, ERNST, &

MANBECK, P.C.
jhynds@rfem.com

Chidambaram S. Iyer
SUGHRUE MION, PLLC
ciyer@sughrue.com

Joseph F. Jennings
KNOBBE MARTENS OLSON & BEAR,
LLP
2jfj@kmob.com

Jennifer A. Johnson
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER LLP
jennifer.johnson@finnegan.com

Kelley Jo Johnson
COHEN & MALAD LLP
kjohnson@cohenandmalad.com

Glenn E. Karta
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
gkarta@rfem.com

Jennifer Koh
WILSON SONSINI GOODRICH &
ROSATI
jkoh@wsgr.com

Offer Korin
KATZ & KORIN P.C.
okorin@katzkorin.com

Nelsen L Lentz
ELI LILLY & COMPANY
Lentz_Nelsen_L@Lilly.com

Howard W. Levine
FINNEGAN, HENDERSON, FARABOW
GARRETT & DUNNER, L.L.P.

howard.levine@finnegan.com

Charles Edmund Lipsey
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER LLP
charles.lipsey@finnegan.com

Laura A. Lydigsen
BRINKS HOFER GILSON & LIONE
llydigsen@usebrinks.com

Laurie E. Martin
HOOVER HULL LLP
lmartin@hooverhull.com

Don J. Mizerk
HUSCH BLACKWELL SANDERS LLP
don.mizerk@huschblackwell.com

Alice McKenzie Morical
HOOVER HULL LLP
amorical@hooverhull.com

John D. Nell
WOODEN & MCLAUGHLIN LLP
jnell@woodmaclaw.com

Lisa N. Phillips
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
lphillips@rfem.com

Amy E. Purcell
FINNEGAN, HENDERSON, FARABOW
GARRETT & DUNNER, L.L.P.
amy.purcell@finnegan.com

William A. Rakoczy
RAKOCZY MOLINO MAZZOCHI SIWIK,
LLP
wrakoczy@rmmslegal.com

Renita S. Rathinam
SUGHRUE MION, PLLC
rrathinam@sughrue.com

Joseph M. Reisman
KNOBBE MARTENS OLSON & BEAR,
LLP
2jmr@kmob.com

Alice L. Riechers
RAKOCZY MOLINO MAZZOCHI SIWIK
LLP
ariechers@rmmslegal.com

James W. Riley Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com

Stacie L. Ropka
AXINN VELTROP & HARKRIDER LLP
slr@avhlaw.com

Ron E. Shulman
WILSON SONSINI GOODRICH &
ROSATI
rshulman@wsgr.com

Christine J. Siwik
RAKOCZY MOLINO MAZZOCHI LLP
csiwik@rmmlegal.com

Sanya  Sukduang
FINNEGAN, HENDERSON, FARABOW
GARRETT & DUNNER, L.L.P.
sanya.sukduang@finnegan.com

Joel E. Tragesser
FROST BROWN TODD LLC
jtragesser@fbtlaw.com

Linda L. Vitone
KATZ & KORIN P.C.

lvitone@katzkorin.com

Anuj K. Wadhwa
RAKOCZY MOLINO MAZZOCHI SIWIK,
LLP
awadhwa@rmmslegal.com

Maureen E. Ward
WOODEN & MCLAUGHLIN LLP
mward@woodmaclaw.com

William R. Zimmerman
KNOBBE MARTENS OLSON & BEAR,
LLP
2wrz@kmob.com

Sally F. Zweig
KATZ & KORIN P.C.
szweig@katzkorin.com